ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 14 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELTON EDWIN LEWIS, IV,          )
                                 )
Plaintiff,                       )
                                 )
v.                               )      CIVIL ACTION
                                 )      NO. 1:15-cv-00831-RWS-JSA
INTERNATIONAL BUSINESS           )
MACHINES CORPORATION,            )
MICHAEL TOWNSEND, RENEE          )
CUNNINGHAM, JOHN KOEPSEL,        )
and DAVID SANDERS,               )
                                 )
Defendants.                      )

## FELTON EDWIN LEWIS, IV RESPONSE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT, TO DISMISS THIS ACTION WITH PREJUDICE PURUANT TO FED. R. CIV. P. 12(b)(6), AND FOR SANCTIONS AGAINST PLAINTIFF

COMES NOW Felton Edwin Lewis, IV, pro se, to oppose Defendants' Motion To Enforce Settlement Agreement, To Dismiss This Action With Prejudice pursuant To Fed. R. Civ. P. 12(B)(6), and for Sanctions Against Plaintiff and states as follows:

1. Plaintiff Felton Edwin Lewis, IV ("Lewis") has no objections to settling the Title 7 action against Defendant International Business Machines Corporation ("IBM"); however, Mr. Lewis objects to a full release because of liability for actions taken against him in retaliation and objects in good faith and only

1

seeks to sign a settlement agreement against which actually resolves issues addressed at mediation.

2. IBM and their retained law firm Jackson and Lewis made it clear prior to and throughout the mediation that the <u>only</u> issues to be addressed at mediation were IBM's discriminatory conduct.

3. Mr. Lewis would gladly and freely sign a settlement agreement today which releases IBM and its lawyers from liability in connection with IBM discriminatory conduct; however, pursuant to the mediator's explicit instructions because Mr. Lewis was not allowed to discuss IBM's lawyers' wrongful conduct outside of the Title 7 context, he should not be <u>forced</u> to sign the Settlement Agreement as drafted.

**PREMISES CONSIDERED,** this Court should:

4. Deny Defendant's motion because Settlement Agreement does not include all essential terms of the parties understanding and Mr. Lewis' understanding that we would not be releasing IBM, law firm Jackson Lewis and law firm Kilpatrick Townsend & Stockton LLP ("Kilpatrick") for claims associated with wrongful and retaliatory action.

5. Find as a matter of law and fact that settlement memorandum does not memorialize the essential terms of the parties agreement because it does not make explicit that Mr. Lewis is not releasing IBM's retained counsel Jackson Lewis and Kilpatrick for claims related to retaliatory actions against Mr. Lewis including but not limited to leaking and publishing of Mr. Lewis' confidential EEOC charges and his attorney, Mr. Greg Fidlon, client communications;

6. Find as a matter of law that Mr. Parks' September 17, 2015 decision holding that the settlement agreement is not contrary to the settlement memorandum is void given that Mr. Parks' was Mr. Lewis' former attorney.

7. Find that if the Settlement Agreement as drafted does not accurately and fully reflect the carve outs, attorney Mixon should not receive the contingency fee for withdrawing.

Respectfully submitted, this the 14th day of December, 2015.

FELTON EDWIN LEWIS, IV
7388 Ohara Court
Villa Rica, GA 30180

3

## CERTIFICATION

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this

document has been prepared in 14 point, Times New Roman font.

_____

FELTON EDWIN LEWIS, IV